McKinney, J.,
delivered the opinion of the Court.
This is an action of assumpsit, to recover the rent of certain lands leased to the plaintiff in error, for the year 1845.
There were two demises of different portions of land, by separate writings, under seal; one of which only is in controversy in the present suit.
The instrument is as follows, viz : “I have this day rented *96 of G. W. Churchwell, the land on the Tuten reservation above the paint-rock creek on the reservation of W. Tuten, for the year 1845 : for which I agree to give the third of the crop raised on said land, and deliver it to Lorina Tuten, for Church-well, this 26th February, 1845.”
Samuel Marney, [seal.]
The declaration contains two counts, the first is special, and alledges the contract precisely as stated in the foregoing instrument: the second, is the common count, for the reasonable value of the rent of the premises.
The proof shows, that during the year 1845, perhaps in October of that year, Churchwell sold his interest in the demised premises to Byrd, the defendant in error, and directed the rent to be paid to him. Marney, however, with knowledge of the sale to Byrd, and of his supposed right to receive the rent, paid the same to Lorina Tuten, pursuant to the terms of his obligation.
Upon this state of facts, the question is, whether the present action can be maintained? We think not. The sale of the demised premises by the lessor to Byrd, during the continuance of the lease, and the assignment of the year’s rent, could not affect or vary in any respect, much less abrogate, the pre-existing contract under seal, between the lessor and lessee. The liability of the latter depended exclusively upon his deed. The assignment by the lessor to Byrd, placed the latter in the shoes of the former, and entitled him, in the character of assignee, to the benefit of the contract for rent: on the failure of the lessee to pay the rent, as stipulated in his obligation, Byrd might have maintained an action in the name of the lessor, for his own use; but such action could only have been maintained upon the obligation : unless, indeed, after the assignment, the lessee had made an express promise to pay him the rent. This would have created a new right of action. Upon such new under *97 taking-, Byrd might of course, have sued in his own name. Whether or not any such promise were made in this case, need not be enquired of, as no such view of the case was taken by his Honor, the Circuit Judge, in his instructions to the jury. The judgment is erroneous and will be reversed.